UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT BOSCH, GmbH, a German corporation, and ROBERT BOSCH, LLC, a Delaware limited liability company, )<br><br>Plaintiffs, )<br><br>v. )<br><br>JOSHUA RAYNER, an individual, )<br><br>Defendant. ) | Case No. _____ |

# COMPLAINT

Plaintiffs Robert Bosch GmbH and Robert Bosch, LLC allege as follows for their Complaint against Defendants Joshua Rayner and Does 1 through 10:

## INTRODUCTION

1. Plaintiffs seek injunctive and monetary relief in this action for trademark counterfeiting, trademark infringement, false advertising and unfair competition with regard to registered trademarks of Robert Bosch GmbH ("Bosch GmbH"). As alleged below, Defendant has violated, and continues to violate, the Trademark Act of 1946 as amended, 15 U.S.C. section 1051 et seq. (the "Lanham Act") through their advertising, offering for sale and sale of counterfeit automotive parts.

## PARTIES, JURISDICTION, AND VENUE

2. Bosch GmbH is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business in Stuttgart, Germany.

3. Robert Bosch, LLC ("Bosch LLC") is a limited liability company incorporated under the law of the State of Delaware with offices at 2800 South 25th Avenue, Broadview, Illinois 60155. Bosch LLC operates under a license agreement from Bosch GmbH to various trademarks. Bosch LLC's sole member is Robert Bosch North America Corporation, a Delaware

corporation with its principal place of business in Farmington Hills, Michigan. Bosch GmbH and Bosch LLC are sometimes referred to collectively as "Bosch."

4. Bosch is informed and believes that Joshua Rayner ("Defendant") is an individual who resides in the state of Indiana, at the address 5757 Mulberry Avenue, Portage, Indiana 46368, and ships the products that are the subject of this lawsuit to customers in the United States.

5. This Court has jurisdiction under 28 U.S.C. section 1338(a) as this action arises under the Lanham Act, Sections 32 and 34.

6. This Court also has jurisdiction under 28 U.S.C. section 1332 because Plaintiff and Defendants are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in the Northern District of Indiana under 28 U.S.C. section 1391(b)(2) because a substantial part of the events, omissions and acts that are the subject matter of this action occurred within this judicial district, and is proper under 28 U.S.C. section 1391(c) because, on information and belief, Defendant's domicile is in this judicial district.

## FACTS

### Bosch and its Valuable and Well-Known Trademarks

8. Bosch GmbH has been manufacturing and selling products under the well-known BOSCH brand name and trademark for more than 100 years. Bosch GmbH conducts business in a wide range of industries, including manufacturing and selling automotive parts as an original equipment manufacturer ("OEM"), and manufacturing and selling automotive parts for the aftermarket parts industry.

9. For many years, and long before the acts of Defendant alleged herein, Bosch GmbH and its licensees have used the mark BOSCH (the "Bosch Word Mark") and the design mark ⊖ (the "Bosch Magneto Mark"; collectively, the "Bosch Marks") in the United States in connection with automotive parts.

10. Bosch GmbH is the owner of numerous federal trademark registrations with the

2

United States Patent and Trademark Office (the "USPTO") consisting of or incorporating the Bosch Word Mark and/or the Bosch Magneto Mark, including but not limited to the following marks on the USPTO's Principal Register that cover the automotive part at issue in this action:

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| BOSCH | Starters for combustion engines and diesel engines (not for land vehicles); magnetos, transistorized ignitions for engines; ignition components for engines, namely ignition coils, ignition distributors, contact sets and spark plugs; electric motors (not for land vehicles); electric generators and alternators; fuel injection systems for gasoline engines comprising fuel pumps, injectors, fuel rails, fuel pressure regulators, governors, idle speed actuators, throttle switches air valves and magnetic valves; diesel engine fuel injection equipment, namely, injection pumps, nozzles, nozzle holders, delivery valves, magnetic valves and timers; flame starters for diesel engines; heating flanges, glow plugs for diesel engines; air, oil and fuel filters for engines (not for land vehicles); electro- hydraulic pumps, hydraulic accumulators, hydraulic cylinders, hydraulic piston motors, hydraulic valves; pneumatic cylinders, pneumatic door actuators and air compressors. | 1,637,401 | Mar. 12, 1991 |

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| (Bosch logo) | Lubricating devices for all kinds of machines, comprising oil pumps, grease pumps, lubricant | 633,563 | Aug. 28, 1956 |

3

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| | distributors; fuel injection equipment used with internal combustion engines comprising fuel injection pumps, nozzles, nozzle-holders, injection timing devices, governors; fuel feed pumps; filters for fuel and oil; flushing and charging blowers for motors; fluid operated equipment, pressure and vacuum equipment, servo equipment, said equipment comprising pumps, motors, actuating cylinders, valves, control apparatus, pressure accumulators; coupling devices, connecting parts, switch devices; multi-purpose hand motors, drilling machines and supports for drilling machines, drilling and reaming machines, grinders, nut runners, tappers, sheet metal shears, milling machines, polishers for wet and dry polishing, roll pickers for cleaning of spinning machines, drill hammers, drilling blowers, boring bars, hard metal drilling bits; percussion hammers, plumber's power hammers, builder's power hammers, insert tools, such as drills, milling cutter files, wood working tools (rasps), countersinking tools, filing discs, polishing cups and discs, brushes, grinding discs, shapers; supports for hand motors; motor compressor units; vibrators; electric machines and accessories (for commercial use) for preparing food comprising kneaders, mixers, liquidizers, slicers, shredders, pommes-frites (potato chip) discs, potato peelers, citrus | | |

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| | presses, meat mincers, juice extracting attachments, grating attachments, noddle-making attachments, fritter-making attachments, sausage stuffers; gear coupling devices; motor compressor units; devices for moving front loaders, stern loaders, mobile cranes, fork trucks, tractors or trailers with power lifts or tilters; and parts of all of the said goods | | |

11. Registration Nos. 1,637,401 and 633,563 are valid and subsisting, and have become incontestable in accordance with 15 U.S.C. sections 1065 and 1115(b). The registrations thus constitute conclusive evidence of Bosch GmbH's exclusive right to use these marks throughout the United States and to license those rights to subsidiaries and affiliates like Bosch LLC.

12. Bosch LLC manufactures, markets, and sells automotive, consumer, and industrial technology products throughout the United States, including automotive parts and systems.

13. For many years, and long before the acts of Defendant alleged in this Complaint, Bosch LLC and its predecessors have manufactured and sold automotive parts and systems under the Bosch Marks, including fuel pumps, pursuant to a license agreement with Bosch GmbH.

14. Bosch LLC has sold billions of dollars worth of goods and services in the United States under the Bosch Marks, and has spent substantial sums marketing and promoting goods and services under those marks.

15. By virtue of the aforementioned sales and marketing, the Bosch Marks have become well-known throughout the United States.

16. The automotive parts and systems sold under the Bosch Marks are subject to a

strict quality control program Bosch has implemented that protects and preserves all aspects of such parts and systems, including their safety, components, appearance, and packaging.

### Defendant's Unlawful Use of the Bosch Marks

17. On information and belief, Defendant is in the business of selling automotive parts, including fuel pumps, which he advertises, offers for sale, and sells through e-commerce sites, including eBay, to purchasers in interstate commerce. On information and belief, Defendant uses the eBay seller name "Fromayne," and conducts his business activities from Indiana and within this judicial district, including from his domicile.

18. Defendant is advertising, offering for sale and selling automotive products, including fuel pumps, to purchasers in interstate commerce that bear identical or substantially indistinguishable copies of the Bosch Marks, even though those products are not made or authorized by Bosch. Defendant's use of the Bosch Marks is unauthorized, and the fuel pumps he is selling that bear the Bosch Marks are not genuine Bosch products.

19. Recently, Bosch purchased a fuel pump marked with the Bosch Word Mark and Bosch Magneto Mark from Defendant, which Defendant shipped in interstate commerce to Bosch's agent.

20. After receiving the fuel pump acquired from Defendant, Bosch engineers analyzed it. Although the fuel pump bore the Bosch Marks, Bosch engineers determined that the fuel pump is not a genuine Bosch product.

### Harm to Bosch

21. Upon information and belief, Defendant's aforementioned uses of the Bosch Marks constitute a deliberate, intentional, and willful attempt to trade upon Bosch's business reputation and the goodwill of Bosch's trademarks.

22. As a result of Defendant's acts of counterfeiting, trademark infringement, false advertising, and unfair competition, Defendant's customers and potential customers have been or are likely to be confused into thinking that the counterfeit products sold by Defendant are genuine Bosch products when they are not.

23. Defendant's advertising, offering for sale and sale of products that bear the Bosch Marks, but that are not genuine Bosch products, has caused and will continue to cause irreparable harm to Bosch and to the goodwill it owns in the Bosch Marks, and lost sales. Upon information and belief, Defendant has received illicit profits and wrongful gains through his sale of counterfeit products bearing the Bosch Marks.

## COUNT I

## TRADEMARK COUNTERFEITING IN VIOLATION OF
## SECTIONS 32 AND 34(d)(1)(B) OF THE LANHAM ACT

24. Bosch realleges and incorporates the allegations in paragraphs 1 through 23 as if set forth in full.

25. Defendant's unauthorized use of the Bosch Marks on fuel pumps that are not genuine Bosch products constitutes use of spurious marks identical with, or substantially indistinguishable from, Bosch's genuine Bosch Marks, which are registered on the Principal Register of the USPTO for use in connection with the Bosch products at issue herein.

26. Defendant's acts have caused and/or are likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of those goods offered for sale or sold by Defendant.

27. Defendant's acts complained of in this Complaint constitute use in commerce of reproductions, copies, or colorable imitations of the Bosch Marks in connection with the advertising, offering for sale, and sale of goods or services, and constitute trademark counterfeiting of the Bosch Marks in violation of sections 32(1) and 34(d)(1)(B) of the Lanham Act, 15 U.S.C. sections 1114(1) and 1116(d)(1)(B).

28. As a result of Defendant's actions, Defendant has been unjustly enriched and Bosch has been irreparably damaged.

29. Because Defendant's actions will continue to injure and damage Bosch unless restrained by the Court, Bosch is without an adequate remedy at law. Bosch is thus entitled to an order enjoining and restraining, preliminarily and permanently, Defendant from using the Bosch

Marks in connection with the sale of non-genuine Bosch products.

30. Bosch is also entitled to an award of costs, attorneys' fees, and prejudgment interest for Defendant's acts of trademark counterfeiting, in accordance with 15 U.S.C. section 1117(b).

## COUNT II

## TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32 OF THE LANHAM ACT

31. Bosch realleges and incorporates the allegations in paragraphs 1 through 30 as if set forth in full.

32. Defendant's aforesaid unauthorized use of the Bosch Marks in connection with offering for sale and selling non-genuine Bosch products is likely to cause confusion, mistake, or deception as to source, origin, sponsorship, or approval of those goods.

33. Defendant's actions thus constitute trademark infringement of the Bosch Marks in violation of section 32(1) of the Lanham Act, 15 U.S.C. section 1114(1).

34. As a result of Defendant's actions, Defendant has been unjustly enriched, and Bosch has been irreparably damaged.

35. Because Defendant's actions will continue to injure and damage Bosch unless restrained by the Court, Bosch is without an adequate remedy at law. Bosch is thus entitled to an order enjoining and restraining, preliminarily and permanently, Defendant from using the Bosch Marks in connection with offering for sale or selling non-genuine Bosch products.

## COUNT III

## UNFAIR COMPETITION IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

36. Bosch realleges and incorporates the allegations in paragraphs 1 through 35 as if set forth in full.

37. Defendant's aforesaid use of the Bosch Marks in connection with offering for sale and selling non-genuine Bosch products is likely to cause confusion, or to cause mistake, or to

deceive as to the affiliation, connection, or association of Defendant with Bosch, or as to the origin, sponsorship, or approval of Defendant's goods, in that purchasers are likely to believe that Bosch authorizes or controls the sale, offering, or provision of Defendant's goods described above, or that Defendant is associated with or authorized by Bosch to sell, offer, or provide those goods.

38. Defendant's actions constitute unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

39. As a result of Defendant's actions, Defendant has been unjustly enriched, and Bosch has been greatly and irreparably injured and damaged.

40. Because Defendant's actions will continue to injure and damage Bosch unless restrained by the Court, Bosch is without an adequate remedy at law. Bosch is thus entitled to an order enjoining and restraining, preliminarily and permanently, Defendant from using the Bosch Marks in connection with the sale of non-genuine Bosch products.

## COUNT IV
## FALSE ADVERTISING IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

41. Bosch realleges and incorporates the allegations in paragraphs 1 through 40 as if set forth in full.

42. Defendant advertises or has advertised fuel pumps on e-commerce sites, including eBay, in a manner that falsely suggests that those products are genuine Bosch products.

43. Defendant's claims have actually deceived, have the tendency to deceive, and/or are likely to deceive consumers.

44. Because Defendant's claims are likely to influence the purchasing decision of purchasers of fuel pumps, the deception Defendant's claims have caused or are likely to cause is material.

45. This commercial advertising by Defendant constitutes false and/or misleading statements of fact that misrepresent the nature, qualities, and characteristics of the products, in

violation of section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

46.     As a result of Defendant's actions, Defendant has been unjustly enriched, and Bosch has been greatly and irreparably injured and damaged.

47.     Because Defendant's actions will continue to injure and damage Bosch unless restrained by the Court, Bosch is without an adequate remedy at law. Bosch is thus entitled to an order enjoining and restraining, preliminarily and permanently, Defendant from using the Bosch Marks in connection with the offering for sale or sale of non-genuine Bosch products, and from falsely advertising such products.

## **RELIEF SOUGHT**

WHEREFORE Bosch prays that:

1.     Judgment be entered for Bosch on its claims;

2.     Defendant and his agents, servants, employees, representatives, attorneys, any business entity used by Defendant in connection with the above-alleged conduct, their successors and assigns, and all others in active concert or participation with any of them who receive notice hereof, including all subsidiaries, affiliates, and licensees, be enjoined and restrained, during the pendency of this action and permanently thereafter, from:

    a.     directly or indirectly infringing the Bosch Marks in any manner, and specifically:

        i)     using the Bosch Marks, or any reproduction, counterfeit, copy, or colorable imitation of the Bosch Marks, in connection with offering for sale, promoting, marketing, or selling any non-genuine Bosch products;

        ii)     promoting, marketing, advertising, offering for sale, or selling any non-genuine Bosch products;

        iii)     applying the Bosch Marks, or any reproduction, counterfeit, copy or colorable imitation of the Bosch Marks, to any advertisement, website, point of purchase materials, catalogue, brochure, sign,

      print, press release, or other material used in connection with promoting, selling or offering for sale any non-genuine Bosch products;

b.  using any mark that is confusingly similar to the Bosch Marks in connection with manufacturing, promoting, selling and/or offering for sale any non-genuine Bosch products;

c.  using any other trademark, trade name, logo or design that tends to falsely represent that, or that is likely to confuse, mislead, or deceive consumers to believe that any non-genuine Bosch products originate from Bosch, or that said goods have been sponsored, approved, or licensed by, or are in some way connected or affiliated with Bosch;

d.  engaging in any conduct that tends to falsely represent, or is likely to confuse, mislead, or deceive consumers to believe, that Defendant and any non-genuine Bosch products are sponsored, approved, or licensed by Bosch, or are in some way connected or affiliated with Bosch;

e.  affixing, applying, annexing, or using in connection with the promotion, advertising, sale, and/or offering for sale of any non-genuine Bosch products, a false description, representation or misleading statement of fact concerning the nature, qualities, characteristics, standard, grade, style, or model of such goods or services, including by falsely representing that such products are genuine Bosch products;

f.  importing for resale into the United States, offering to sell in the United States, or selling in the United States any BOSCH product not authorized by Bosch for sale in the United States; and

g.  destroying or otherwise disposing of evidence until final determination of this action, including:

   i)  any fuel pumps and other goods offered for sale in connection with

       any of the Bosch Marks;

ii) any promotional or advertising materials, packaging, labels, web site versions, or any other unauthorized items that reproduce, copy, counterfeit, imitate or bear any of the Bosch Marks;

iii) any sales records, ledgers, invoices, purchase orders, inventory control documents, recordings of any type, and all other business records and documents, including electronically stored information ("ESI") created or stored on a computer, computer server, other computer device or cloud location, that concern the promotion, sale, or offering for sale of any non-genuine Bosch products or any other products sold or offered for sale in connection with the Bosch Marks, including number of units sold and price.

3. Defendant, and all others holding by, through, or under Defendant, be required, jointly and severally, to:

    a. account for and pay over to Bosch all profits that Defendant derived from the acts of trademark infringement and unfair competition, such award to be trebled in accordance with 15 U.S.C. section 1117(a);

    b. pay Bosch the amount of all damages incurred by Bosch by reason of Defendant's acts of trademark infringement and unfair competition, such amount to be trebled in accordance with 15 U.S.C. section 1117(a);

    c. pay Bosch the costs of this action, together with its reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. section 1117(a);

    d. pay Bosch the greater of treble Defendant's profits or treble the actual damages suffered by Bosch, as well as Bosch's costs, attorneys' fees, and prejudgment interest, for their acts of trademark counterfeiting, in accordance with 15 U.S.C. section 1117(b);

    e. pay Bosch statutory damages for counterfeiting and willful counterfeiting

of each of the Bosch Marks of up to $2 million for each type of product sold, offered for sale, or distributed by Defendant, in accordance with 15 U.S.C. sections 1117(c)(1) and (2);

4. Defendant, and all others holding by, through, or under Defendant, be required to deliver for destruction all of Defendant's counterfeit and infringing fuel pumps bearing any of the Bosch Marks, and all labels, signs, prints, packaging, and advertisements therefor, and any molds, matrices, or other means for making the same, in their possession, in accordance with 15 U.S.C. section 1118.

5. Defendant be required to serve on Bosch and file with the Court, within 30 days after the service on Defendant of an injunction order, a written report made under oath setting forth in detail how Defendant has complied with the terms of the injunction, in accordance with 15 U.S.C. section 1116(a).

6. Bosch have such other and further relief as the Court deems just and equitable.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs, by and through their counsel, hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  March 23, 2017        /s/ *Eric D. Nichols*
Louis T. Perry (#25736-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street
Suite 2700
Indianapolis, IN  46204
(317) 237-0300
(317) 237-0000 (Fax)
louis.perry@FaegreBD.com

Eric D. Nichols (#34134-71)
FAEGRE BAKER DANIELS LLP
202 South Meridian Street
Suite 1400
South Bend, IN 46601

        (574) 234-4149
        (574) 239-1900 (Fax)
        eric.nichols@FaegreBD.com

*Attorneys for Plaintiffs Robert Bosch GmbH and Robert Bosch, LLC.*